*SM*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

*CERTIFIED MAIL # 7020 1290 0001 9760 4426*

# UNITED STATES DISTRICT COURT

for the

*NORTHERN* District of *ILLINOIS*

*EASTERN* Division

|  |  |
|---|---|
| _____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br><br>*KATHALEEN T. GROTH (LANAHAN)*<br>*KATHLEEN BURKE*<br>*STEPHEN J. CONNOLLY*<br>*TONI PITTMAN*<br>-v-<br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. _____<br><br>*(to be filled in by the Clerk's Office)*<br><br>**1:21-cv-05306**<br>**Judge Robert M. Dow, Jr.**<br>**Magistrate Judge Gabriel A. Fuentes**<br>**RANDOM**<br><br># RECEIVED<br><br>OCT 06 2021<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Jason Jones* |
| Street Address | *302 W. BASIC RD. ?* |
| City and County | *HENDERSON — CLARK* |
| State and Zip Code | *NEVADA — 89015* |
| Telephone Number | *312 259 9089* |
| E-mail Address | *JasonJ704@Gmail.com* |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

| | |
|---|---|
| Name | TONI P. PITTMAN |
| Job or Title *(if known)* | Cam ED |
| Street Address | 2 LINCOLN CENTER |
| City and County | OAKBROOK TERRACE - Cook |
| State and Zip Code | ILLINOIS - 60181 |
| Telephone Number | 773 366 2922 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | KATHALEEN T. GROTH (LANAHAN) |
| Job or Title *(if known)* | MAGISTRATE |
| Street Address | 10220 S. 76th AVE |
| City and County | BRIDGEVIEW - COOK |
| State and Zip Code | ILLINOIS - 60455 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | KATHLEEN BURKE |
| Job or Title *(if known)* | MAGISTRATE |
| Street Address | 10220 S. 76th AVE |
| City and County | BRIDGEVIEW - COOK |
| State and Zip Code | ILLINOIS - 60455 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | STEPHEN J. CONNOLLY |
| Job or Title *(if known)* | MAGISTRATE |
| Street Address | 10220 S. 76th AVE |
| City and County | BRIDGEVIEW - COOK |
| State and Zip Code | ILLINOIS - 60455 |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*SEE ADDITIONAL PAGE ATTACHED*

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

     b.    If the defendant is a corporation

         The defendant, *(name)* _____ , is incorporated under

         the laws of the State of *(name)* _____ , and has its

         principal place of business in the State of *(name)* _____ .

         Or is incorporated under the laws of *(foreign nation)* _____ ,

         and has its principal place of business in *(name)* _____ .

     *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

       The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

   A.    Where did the events giving rise to your claim(s) occur?

       BRIDGEVIEW COURTHOUSE LOCATED AT 10220 S. 76th AVE, BRIDGEVIEW, IL 60415

       SEE ADDITIONAL PAGES ATTACHED FOR STATEMENT OF CLAIMS

   B.    What date and approximate time did the events giving rise to your claim(s) occur?

       FROM 10/2015 (OCTOBER 2015 UNTIL PRESENT, SEPTEMBER 2021)

       ALL DATES ARE INCLUDED IN ADDITIONAL PAGES ATTACHED

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

*I HAVE BEEN DEPRIVED OF MY RIGHT TO PARENT MY CHILD.*

*ALL FACTS ARE INCLUDED IN THE ADDITIONAL PAGES ATTACHED*

## IV.     Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured. *I DID EVERYTHING THE COURTS TOLD ME TO DO BUT I STILL WAS TREATED LIKE A CRIMINAL. MY CHILD HAS BEEN STRIPPED FROM ME AND I WAS REFUSED HELP FROM THE VERY SAME INDIVIDUALS THAT ARE SUPPOSED TO UPHOLD THE LAW AND PROTECT MY RIGHTS. THESE SAME INDIVIDUALS HAVE BEEN ADAMANT ABOUT HAVING ME ARRESTED EVEN THOUGH I NEVER COMMITTED A CRIME. NO AMOUNT OF MONEY CAN REPAIR HOW DAMAGED I AM FROM BEING FORCED OUT OF MY CHILD'S LIFE AND BECAUSE THE TIME MISSED WITH MY ONLY CHILD CAN NOT BE REPLACED AND I HAVE BEEN ROBBED OF PARENTHOOD. THE COURTS HAVE FAILED ME AND I HAVENT SEEN MY CHILD SINCE APRIL OF 2017.*

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*SEE ADDITIONAL PAGES FOR RELIEF DAMAGES*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/23/2021

Signature of Plaintiff

Printed Name of Plaintiff     Jason Jones

### B. For Attorneys

Date of signing: 9/23/2021

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print     Save As...     Add Attachment     Reset

## II. **Basis for Jurisdiction**

**A.** List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. 18 U.S.C. ss 1001(2)
2. 18 U.S.C. ss 371
3. Supreme Court case *Santosky v. Kramer*
4. 45 C.F.R. 303.101(c)(2)
5. 28 U.S.C. ss 455(4)
6. 25 C.F.R. ss 11.433
7. 18 U.S.C. ss 242
8. Parenting Time Interference
9. Administrative Mismanagement
*10*. Constitutional Right to Parent *(Troxel v. Granville)*
11. Amendment VIII
12. Amendment XIV SECTION 1
13.18 U.S.C. 3524

## III. **Statement of Claim**

**Defendant #1 Toni Pittman:**

## C.FACTS UNDERLYING MY CLAIM

1. It is a fact that on 10/26/2015 the petitioner had a court order to pick up child Londyn Jones every other Saturday starting 11/15/12015 at 11am until Sunday 5pm. The petitioner also had parenting time with the child every Tuesday, Thursday, and Friday from 3:30pm until 6pm and pick up/drop off location was at defendant mother's house. The defendant never abided by the court order.
2. It is a fact that on 06/27/2016 the defendant filed a false police report/order of protection against petitioner to keep petitioner away from the child. It is a fact that the case was dismissed due to lack of any evidence.
3. It is a fact that on 08/08/2016 the petitioner had a modified court order to pick up child Londyn Jones from either Chicago Ridge Police Station

located at 10425 S. Ridgeland Chicago Ridge, IL. or from Small Stride Academy located at 10317 S. Western Chicago, IL. every Tuesday, Thursday, and Friday around 3p. The defendant never abided by the modified court order.

4. It is a fact that on 08/12/2016 the defendant refused to bring the child or rearrange for child to be dropped off at designated location via court order.

5. It is a fact that on 08/16/2016 the defendant refused to bring child or rearrange for child to be dropped off at designated location via court order.

6. It is a fact that on 08/25/2016 the defendant refused legal documents from petitioner.

7. It is a fact that on 09/26/2016 the defendant was held in contempt of court for failing to follow court order regarding visitation of the child by the petitioner.

8. It is a fact the defendant removed the child from the school where the petitioner had a valid court order to pick the child up from without the petitioner's knowledge. This was against court order

9. It is a fact that on 11/14/2016 the petitioner had another modified court order to pick up child Londyn Jones after school on Friday from Turner Elementary School located at 3847 W. 135th St. Robbins, IL. until 2pm on Saturday. The drop off location was at Fairplay grocery store on 87th and Cicero. The petitioner also had parenting time every Sunday from 1pm-8pm. The petitioner also had a court order to speak with the child on the phone every day. The defendant never abided by the new modified court order.

10. It is a fact the defendant removed the child from the new school where the petitioner had another valid court order to pick the child up from without the petitioner's knowledge. This was against court order.

11. It is a fact that on 10/09/2019 the petitioner attempted to contact the child directly via cellphone, but the communication between the petitioner and the child was sabotaged by the defendant by taking the child's cellphone away, which was against court orders.

12. It is a fact that on 10/12/2019 and 10/23/2019 the petitioner had a close friend to the petitioner's family text the child Londyn Jones, but there was no respond due to the fact the defendant took the child's phone away once the defendant found out that the petitioner had the child's phone number.

13. It is a fact that on 12/10/2019 the petitioner received an email from the attorney of the defendant Brandi N. Pratt to NOT call or go to my child's school for any reason. The petitioner was also advised to NOT go to the defendant's home to see the child for any reason without any legitimate reasoning why. It is a fact that during this time the petitioner had a valid court order to see the child, valid court order to pick up the child up from Turner Elementary school, and valid court order to speak to the child on the phone every day. The defendant refused to abide by yet another court order.

14. It is a fact that on 01/10/2020 the defendant was charged with unlawful visitation interference at Bridgeview courthouse, ticket number L1375269.

15. It is a fact that the defendant has refused to accept certified mail and legal documents from the petitioner several times regarding the whereabouts of the child.

16. It is a fact that the petitioner received a text message from a mutual friend of the petitioner and defendant stating that the defendant would not give anyone the child's cellphone number and if anyone wanted to call the child then the defendant had to be notified first.

17. It is a fact that on 10/14/2020 the petitioner filed an emergency motion and affidavit for 50/50 custody of the child.

18. It is a fact the defendant has continuously kept the child Londyn Jones from the respondent for no reason at all.

19. It is a fact that even though the petitioner obtained a visitation order from the courts, the defendant still refused to abide by all court orders and kept the child separate from the petitioner by any means.

20. It is a fact that there is no proof EVER that the petitioner caused the child Londyn Jones any harm whatsoever.

21. It is a fact that the petitioner has attempted to contact the police department, hospital, and the courts to hold the defendant accountable for her actions of parental kidnapping, her disregard for every court order, and to be evaluated for a mental illness.

I have been excluded out of my child's life and violated of my Constitutional Right to parent my child. The child's mother has disregarded every court order that was granted without consequence. I am confident that my child has been held against her will because I had an amazing relationship with my child before she was

stripped from me and the child not being able to see her father has caused extreme mental and irreparable damage to both me and the child.

**STATEMENT OF CLAIM CONTINUED:**

**Defendant #2 Kathaleen T. Groth (Lanahan) d/b/a Judge Magistrate,**
**Defendant #3 Stephen J. Connolly d/b/a Judge Magistrate,**
**Defendant #4 Kathleen Burke  d/b/a/ Judge Magistrate**

1. It is a fact that I, Jason M. Jones, was held in contempt of court on or around 06/12/2017 by STEPHEN J. CONNOLLY in Bridgeview Courthouse for NOT showing proof that the petitioner was looking for employment. THIS IS NOT A CRIME

2. It is a fact that the petitioner contacted the Chicago Police Department in order to quash my warrant but there was no record of the petitioner having a warrant stated by an officer from Chicago Police Department.

3. It is a fact that on 05/23//2019 I was notified by my attorney that a motion was filed to quash warrant/body attachment against me. This warrant was supposedly for $500 to quash, even though I never committed a crime and the Police Department never seen an active warrant for me in their system.

4. It is a fact that the respondent contacted the Chicago Police Department for the 2nd time to clear my warrant but there was no record of an existing warrant.

5. It is a fact that on 07/26/2019 a motion was filed on my behalf for me to have parenting time with my child and to establish a payment plan for child support.

6. It is a fact that on 08/12/2019 a motion from my lawyer was filed to request parenting time again, to establish payment plan, and to quash warrant/body attachment against me, even though there was not an active warrant for my arrest and I never committed a crime. ALL MOTIONS WERE IGNORED

7. It is a fact that on 09/23/2019 the motion that was filed for establishing a payment plan, to determine arrears, and for parenting time was continued until 12/02/2019 for an account review to determine how much I allegedly owed for child support, in which had nothing to do with having parenting time with my child and motion to quash body attachment was ignored.

8. It is a fact that on 12/02/2019 I received an account review with the amount of arrears I allegedly owed for back child support, which was extremely inaccurate. It calculated money that I never earned but was obligated to pay. The motions that were filed on 07/26/19 for parenting time and to quash warrant/body attachment were never addressed and this matter was continued until 01/13/2020.

9. It is a fact that on 01/13/2020 my attorney, David Sternfield, withdrew from the case. During this same court date, the opposing lawyer Brandi N. Pratt told the presiding official that I wasn't paying child support, even though child support payments were coming directly from my check from work bi-weekly. With this information, Kathaleen T. Groth (Lanahan) suspended my existing visitation order from 2016 and suspended parenting time to see my child without any legitimate reasoning, hearing, or fundamentally fair procedure. It seems as if I wasn't paying the courts then I wasn't able to see my child.

10. It is a fact that on 01/22/2020, I was taken into custody by the Sheriff's office at Bridgeview courthouse in Bridgeview, Il. for being held in civil contempt of court on 06/12/2017. I never seen proof of having a warrant out for my arrest and the Chicago Police Department never had a body attachment notification to arrest me because it wasn't in their system, but Kathaleen T. Groth (Lanahan) ordered me to pay a $5,000 CASH BOND to be released from Bridgeview courthouse, even though there was not any proof that I committed a crime.

11. It is a fact that on 02/24/2020, I presented a copy of the civil contempt of court order that was entered on 06/12/2017, showing the amount in which it would cost me to quash body attachment, which was $5,000 D-bond, 10% cash to equal $500.

12. It is also a fact that during court on 02/24/2020, I filed a motion and verbally notified Kathaleen T. Groth (Lanahan) that there was a mistake made on her behalf and that a different bond amount was entered by her to quash the body attachment from 06/12/2017 in the amount of $5,000 cash instead of $5,000 D-bond 10% equaling $500, which was stated on the initial contempt order, and the difference in the amount of $4,500 must be returned to me immediately. The presiding official Kathaleen T. Lanahan verbally told me that the civil contempt of court against me from 06/12/2017 had "expired" and she increased the bond amount because "she felt like it" and it was deemed necessary to increase the amount of bond to $5,000 cash in order to be released without any additional or previous orders entered against me. My request for bond refund was denied.

13. It is also a fact that on 02/24/2020 I showed a copy of my check stubs from previous employers and income statements from the Illinois Department of Employment from the years of 2015 & 2016 to prove to the courts that I never earned the amount of income that I was ordered to pay and the courts failed to provide the method on which their calculations were made. As a result of having the inability to afford the court ordered amount of child support, the arrears increased totaling in the amount of $8,376.00 as of 05/22/2017.

14. It is a fact that on 03/09/2020, I electronically filed a motion and affidavit for the disqualification of the presiding official Kathaleen T. Groth (Lanahan) for failing to remain impartial during an administrative hearing. The courts were obligated to respond under the obligation of contract clause under article 1 section 10 of the constitution for the United States of America or its silence is evidence of fraud upon the court.

15. It is also a fact that on 03/09/2020, I electronically filed an affidavit to vacate the child support order 2015D550062 for the State did not have personal jurisdiction over me and its silence would result in the court order being vacated and the matter discharged. My legal paperwork that was submitted was ignored.

16. It is a fact that opposing counsel was allotted an extreme amount of time to disclose documented facts stating when and how the State gained personal jurisdiction over the petitioner. These facts were never submitted or proven on the record. My legal paperwork that was submitted was ignored.

17. It is a fact that on or around 05/11/2020 I electronically filed an affidavit for Dismissal with Prejudice for the child support order 2015D550062 for the State lacked personal jurisdiction over the respondent and the opposing

counsel failed to prove when and how the State initially gained personal jurisdiction and its silence would result in the court order being vacated and the matter discharged. My legal paperwork that was submitted was ignored.

18. It is also a fact that on or around 05/11/2020, I electronically filed another affidavit for the disqualification of the presiding official Kathaleen T. Groth (Lanahan) for failing to remain impartial during an administrative hearing because the new presiding official, Kathleen Burke, verbally said my first affidavit for disqualification was "somehow lost", even though the legal documents were electronically filed.

19. It is a fact that on or around 10/13/2020 I electronically filed and resubmitted the affidavit for the disqualification of the presiding official Kathaleen T. Groth (Lanahan) for failing to remain impartial during an administrative hearing, Dismissal with prejudice of court order 2015D550062 for the State lacked personal jurisdiction, and for the full bond reimbursement of $5,000 without deduction. My legal paperwork that was submitted was ignored.

20. It is a fact that on or around 10/14/2020 I electronically filed an affidavit to ensure my custodial rights and obtain 50/50 custody of my offspring. My legal paperwork that was submitted was ignored.

21. It is a fact that on or around 10/14/2020 I sent Demand Contracts to each address that I received mail from the Illinois Department of Healthcare and Family Services certified mail for them to provide proof of a Title IV-D debt that I allegedly owed and demanded proof of these records which I have a lawful right to examine and silence would result to cease and desist this matter immediately and reimburse me in the full amount of $9,055.29, (the full dollar amount that child support coerced/stolen from me) which includes 6% interest.

22. It is a fact that on or around 11/18/2020 I electronically filed an emergency motion to assert my parental and fundamental rights that I have to care, custody, and management of my offspring without interference from the courts attached with a screenshot copy of court case *Santosky v. Kramer*. My legal paperwork that was submitted was ignored.

23. It is also a fact that on or around 11/18/2020 I electronically submitted a letter of intent to sue KATHALEEN T. (Groth) LANAHAN for 18 U.S.C. §242 Deprivation of rights under the color of law.

24. It is a fact that on or around 11/18/2020 I electronically filed a Violation Warning for Denial of Rights under Color of Law against KATHALEEN T. GROTH (LANAHAN) and KATHLEEN BURKE.

25. It is a fact that on or around 11/30/2020 I electronically filed an affidavit for notice of default judgement for non-responses from the Illinois Department of Healthcare and Family Services.

26. It is a fact that on or around 12/23/2020 I electronically filed an affidavit for notice of default judgement for non-responses from the State for the State lacked personal jurisdiction and never proved jurisdiction for the record. My legal paperwork that was submitted was ignored.

27. It is a fact that Kathleen Burke has failed to address any affidavit that has been filed thus far during the time she has presided in this matter. She has only ignored my paperwork and granted opposing counsel several continuances for 90 days, with disregard to the 30 days allotted to respond, without any appropriate reasoning.

28. It is a fact that on 02/08/2021 during zoom court, now presiding again STEPHEN J. CONNOLLY verbally said he will NOT address any affidavit that I have submitted. He also has failed to address any and all affidavits that I have filed thus far during the time he has presided in this matter.

29. It is a fact that on or around 05/07/2021 I electronically filed an affidavit for Non-Appearance Request for Full Disclosure of All Bonds and other related/connected Documents and/or Instruments Pursuant to the provisions of the Freedom of Information Act and the Privacy Act for the presiding officials KATHALEEN T. GROTH (LANAHAN), KATHLEEN BURKE, and STEPHEN J. CONNOLLY. My legal paperwork that was submitted was ignored.

30. It is a fact that on or around 05/07/2021 I electronically filed an affidavit for notice of the last and final warning for the defendant Toni Pittman to return the child in my possession, for opposing counsel Brandi N. Pratt to vacate support order 2015D550062 for the State lacks jurisdiction and failed to prove jurisdiction, vacate arrears pertaining to court order 2015D550062, and to notify her client Toni Pittman to return my child to my possession, and for the Commissioner of Child Support Services Scott Lekan to vacate support order 2015D550062 and reimburse me in the full amount of $9,055.29, which includes 6% interest, without deduction.

31. It is a fact that on or around 05/13/2021 I electronically filed an affidavit requesting for the defendant to be evaluated by a Licensed Health Professional for disturbed behavioral patterns and signs of Mental Illness. My legal paperwork that was submitted was ignored.

32. It is a fact that on or around 05/13/2020 I electronically filed another Demand Contract to the Head of Division of Child Support Services Scott Lekan for him to provide proof of a Title IV-D debt that I allegedly owe.

33. It is a fact that on or around 05/19/2021 I electronically submitted proof of Request from the Freedom of Information Act for KATHALEEN T. (GROTH) LANAHAN, KATHLEEN BURKE, and STEPHEN J. CONNOLLY.

34. It is a fact that on or around 05/19/2021 I electronically submitted a copy of The Department of Justice Letter to demonstrate my rights that must be protected.

35. It is a fact that on 08/16/2021 Judge Carmody was presiding. This presiding official also refused to address any motions and affidavits that were filed. When petitioner asked would any affidavits be addressed on that court date, Judge Carmody declared that they would NOT and proceeded with the child support matter. My legal paperwork that was submitted was ignored.

36. It is a fact that every affidavit that I have submitted that has been supported with exhibits/documents and proof have been ignored and/or proper responses/rebuttals have not been answered or sent back by the courts, the petitioner, opposing counsel, or the Commissioner for Child Support Services.

37. It is a fact that I do not have a contract with the Title IV-D Child Support Program, the courts, the petitioner, or opposing counsel.

38. It is a fact that I have exhausted all remedies to resolve this matter.

## V. PRAYER FOR RELIEF

WHEREFORE, The petitioner respectfully requests that the court:

- Be fair and just
- Reinstate and modify a visitation order to see my child wherever she is without restriction or interference
- Grant/Reinstate daily phone privileges to speak with my child everyday wherever she is without restriction or interference
- Display consequence if my child is taken away from me and against the child's will by the defendants and against any and all court orders
- Grant the petitioner a fair hearing for 50/50 joint custody of my child
- Subpoena the defendant Toni Pittman for a mental health evaluation by a licensed health professional
- Order a reimbursement from Child Support enforcement unit in the full amount of $9,055.29, 6% interest included, that was coerced/stolen from me

due to the fact that the petitioner does not have a contract with the Child Support program and they have failed to provide proof of jurisdiction

- Order each defendant to pay $25,000 USD each to the petitioner for the irreparable damages, mental anguish, constitutional violations, intentional infliction of emotional distress, and unalienable rights they have violated and deprived the petitioner of over the duration of 6 years.

Dated this 24th day of SEPTEMBER 2021, A.D.

Jones, Jason M., Affiant
c/o 302 W. Basic Rd 7
HENDERSON, NEVADA 89015

**JURAT**

state of NV county of clark
Subscribed and sworn to before me this 24th day of September 2021.
WITNESS my hand and official seal:

MATT SMITH
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-12-2024
Certificate No: 12-7493-1