IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-5306 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| KATHALEEN GROTH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons stated below, this action is dismissed for failure to effectuate service within the time period provided under Federal Rule of Civil Procedure 4(m) and the extension of time implicitly granted by the issuance of this Court's March 24, 2022 show cause order [5] directing Plaintiff to file a response by May 2, 2022. Plaintiff's motion to extend the deadline for issuing summons [6] is stricken as moot because the show cause order afforded Plaintiff more time to respond than the 30 days he requested for service. Civil case terminated.

## STATEMENT

In an order [5] dated March 24, 2022, the Court directed Plaintiff to file by May 2, 2022, a memorandum showing good cause (a) for his failure to effectuate service of the summons and complaint within the 90 day period provided in FRCP 4(m) and (b) why this lawsuit should not be dismissed, in whole or in part, on one or more of the following bases: (1) an improper attempt to obtain reversal in federal court of a state court judgment barred by the Rooker-Feldman doctrine, (2) an improper attempt to prompt the federal court to interfere with ongoing state court proceedings barred by Younger and other abstention doctrines as described in J.B, and/or (3) an improper attempt to sue judicial officers who have immunity for the decisions they take in their official capacities as judges. This order in effect granted Plaintiff's motion to extend the deadline for issuing summons [6] even beyond the 30 days that he requested, so that motion [6] is denied as moot. More fundamentally, however, Plaintiff has not responded to the Court's March 24 show cause order by the deadline, which passed more than a month ago. The prior order warned that failure to comply with the order or to offer a compelling explanation for proceeding in federal court notwithstanding the hurdles identified above could result in dismissal for want of prosecution and/or lack of jurisdiction. Because Plaintiff failed to respond at all—as opposed to responding with an unconvincing argument—the case will be dismissed without prejudice for lack of service. See *Williams v. State of Ill.*, 737 F.3d 473, 476 (7th Cir. 2013); see also Fed. R. Civ. P. 4(m) (noting the district court's discretion to enter dismissals without prejudice for lack of service and dismissals with prejudice for failure to prosecute and upholding court's decision to adopt the latter course when none of the defendants had been served more than 16 months after the filing of the lawsuit).

Dated: June 6, 2022

_____
Robert M. Dow, Jr.
United States District Judge